**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ATLC, LTD.,**

           **Plaintiff,**

**-vs-**                                          **Case No. 6:06-cv-416-Orl-19KRS**

**EASTMAN KODAK COMPANY,**

           **Defendant.**

_____

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** DEFENDANT KODAK'S MOTION AND MEMORANDUM TO QUASH PLAINTIFF'S SUBPOENAS DUCES TECUM TO RECORDS CUSTODIAN OF NOKIA, INC. AND TO JAMES D. SMITH OF NOKIA, INC. OR IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER AS TO THESE SUBPOENAS (Doc. No. 45)
>
> **FILED:** September 25, 2006

The portion of the motion seeking to quash the subpoena *duces tecum* served on nonparty Nokia, Inc. is **DENIED**. The subpoena was validly issued from this Court, as this is the place in which production of the documents was to be made. *See* Fed. R. Civ. P. 45(a)(2)(C). The subpoena was validly served upon Nokia, Inc. in Weston, Florida under the portion of Federal Rule of Civil

Procedure 45 that incorporates state service of process rules by reference.[1] *See* Rule 45(b)(2); Fla. Stat. § 48.011. Whether the subpoena infringes other protections available to a nonparty under Rule 45 is an issue that must be raised by recipients of the subpoena.

The motion to quash the subpoena issued to James D. Smith is **DENIED** as moot based on the representation that the subpoena has not been served. Doc. No. 49 at 4.

The alternative request for a protective order is simply too vague to be considered in the present motion. Accordingly, that request is **DENIED** without prejudice. Eastman Kodak Company may renew the motion, if necessary, supported by a more specific legal and factual showing of the allegedly confidential information sought by the subpoena and addressing why the existing confidentiality agreement is insufficient to protect that information after again conferring in good faith with opposing counsel and Nokia, Inc. regarding the issue.

---

[1] The decision in *Traveler v. CSX Transportation, Inc.*, Cause No. 1:06-CV-56, 2006 U.S. Dist. LEXIS 58084 (N.D. Ind. Aug. 16, 2006), is not to the contrary. In *Traveler*, a subpoena calling for production of documents in Indiana was served on a nonparty in Jacksonville, Florida. The Court determined that this service was beyond the territorial limitations of Rule 45. In the present case, however, the subpoena to Nokia, Inc. was served within the state of Florida, which is within the territorial limitations of Rule 45 pursuant to the Florida service of process provisions. *Traveler* is analogous to the subpoena served on James Smith, in Irving, Texas, which is discussed later in this order.

The order staying compliance with the subpoena to Nokia, Inc., doc. no. 46, is lifted.  If the parties and Nokia, Inc. cannot resolve the remaining issues, I will rule on the pending motion to compel after responses are filed.

**DONE** and **ORDERED** in Orlando, Florida on October 11, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties