# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ATLC, LTD.,**

               **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　**Case No. 6:06-cv-416-Orl-19KRS**

**EASTMAN KODAK COMPANY,**

               **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF, ATLC LTD.'S, MOTION TO COMPEL PRODUCTION FROM MOTOROLA (Doc. No. 53)**
>
> **FILED:** November 1, 2006

Plaintiff ATLC, Ltd. (ATLC) seeks an order compelling Motorola, Inc. (Motorola), which is not a party to the litigation, to produce documents described in a subpoena *duces tecum* that was served on September 14, 2006. In a letter dated October 3, 2006, counsel for Motorola objected to the subpoena.

*Waiver*.

ATLC's initial argument is that Motorola waived any objections it might have to the subpoena by failing to object in writing to the subpoena within fourteen days after the subpoena was served as provided for in Federal Rule of Civil Procedure 45(c)(2)(B). None of the legal authority cited by

ATLC supports the assertion that a nonparty waives objections by failing to serve a written objection within fourteen days after service of the subpoena. A judge in this district recently reviewed the law and determined that, while the United States Court of Appeals for the Eleventh Circuit had not addressed the issue, other jurisdictions that had addressed the question typically found that there was no waiver. *See In re Accutane Prods. Liab. Litig.*, Nos. 8:04-md-2523-T-30TBM, 2006 WL 1281598, at *1 (M.D. Fla. May 9, 2006).

In the present case, ATLC received objections to the subpoena before the date on which the documents were to be produced. Counsel for ATLC and Motorola have been communicating in a good faith effort to resolve the issues presented. Ample time remains to conduct discovery in this case. Under these circumstances, I find that it would not be appropriate to conclude that Motorola waived objections by failing to serve written objections within fourteen days after service of the subpoena.

*Documents in the Possession of the Parties*.

Motorola represents that it has reached an agreement with ATLC to narrow the scope of the subpoena. Accordingly, I will not address the objections to the scope of the subpoena.

Motorola contends that it should not be required to produce documents falling within the narrowed scope of the subpoena to the extent that ATLC has or could obtain these documents from the defendant in the present case. There is simply no practical way to determine whether ATLC or Defendant Eastman Kodak Company (Kodak) has all of the documents responsive to the narrowed request to Motorola except by examining the responsive documents within the possession, custody, or control of Motorola. If Kodak or other individuals or companies are concerned that responsive

documents in Motorola's possession, custody, or control are privileged or confidential, they may make arrangements with Motorola to review the responsive documents before they are produced or seek assistance from the Court if such arrangements cannot be made without Court intervention. Therefore, this portion of Motorola's objection to the subpoena is unavailing.

*Compensation.*

Counsel have not reached an agreement about whether Motorola is entitled to compensation for the cost of searching for and producing responsive documents, including the costs associated with reviewing the documents for privilege and preparing an appropriate privilege log. Expenses incident to production of documents may include more than simply the copying costs. *See, e.g., In re Propulsid Prods. Liab. Litig.*, No. MDL 1355, 2003 WL 22174137, at *2-3 (E.D. La. Sept. 9, 2003).

In its motion, ATLC does not explain how it intends to compensate Motorola for the expense it will incur in responding to the subpoena. Because ATLC has not shown that it has taken "reasonable steps to avoid imposing undue burden or expense on a person subject to [a] subpoena," the motion to compel is **DENIED without prejudice**. Fed. R. Civ. P. 45(c)(1).

**DONE** and **ORDERED** in Orlando, Florida on November 28, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties