# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ATLC, LTD.,**

**Plaintiff,**

**-vs-** **Case No. 6:06-cv-416-Orl-19JGG**

**EASTMAN KODAK COMPANY,**

**Defendant.**

---

## ORDER

This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **MOTION FOR PROTECTIVE ORDER WITH RESPECT TO DOCUMENTS AND TESTIMONY PROTECTED BY ACCOUNTANT-CLIENT PRIVILEGE (Doc. No. 71)** |
| **FILED:** | **February 27, 2007** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS (Doc. No. 82)** |
| **FILED:** | **March 23, 2007** |

**THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part without prejudice**.

## I. INTRODUCTION

Defendant Eastman Kodak Company ("Kodak") asserts an accountant-client privilege pursuant to Fla. Stat. §§ 473.316 and 90.5055. Kodak moves for a protective order to prevent Plaintiff ATLC, Ltd. (ATLC) from discovering documents possessed by Kodak or its outside certified public accountants, PricewaterhouseCoopers, LLP ("PriceWaterhouse") and to prevent ATLC from obtaining deposition testimony regarding communications between Kodak and both its in-house and outside accountants.

ATLC raises several arguments in response. First, ATLC argues that conflict of law principles dictate that any privilege would be governed by New York law, not Florida law. Kodak is a New Jersey corporation with its principle place of business in New York and the communications at issue took place in New York. Further, the Representation Agreement between ATLC and Kodak, which forms the basis of the breach of contract claim, states that the agreement is governed by Delaware law. Docket 71 at 7. ATLC argues that simply because the law suit is being litigated within the State of Florida does not support application of Florida privilege laws. Second, ATLC argues that even if a privilege exists under Florida law, Kodak has waived the privilege by failing to provide an adequate privilege log. Finally, ATLC argues the privilege does not apply to communications by a corporate entity with its in-house accountants or by a publicly traded company given that ATLC asserts that Kodak retained PriceWaterhouse as independent auditors.

ATLC moves to compel Kodak to produce documents withheld pursuant to the accountant-client privilege, as well as documents withheld pursuant to the attorney-client privilege and attorney

work product doctrine. ATLC argues that Kodak's privilege log does not sufficiently describe the documents withheld and that Kodak has failed to establish the asserted privileges.

## II. ANALYSIS

Kodak bears the burden of establishing the applicability of the accountant-client privilege. *See, e.g., Bogle v. McClure,* 332 F.3d 1347, 1358 (11th Cir. 2003) ("The party invoking the attorney-client privilege has the burden of proving that an attorney-client relationship existed and that the particular communications were confidential."); *So. Bell Tel. & Tel. Co. v. Deason,* 632 So. 2d 1377, 1383 (Fla. 1994) (same). The only basis that Kodak asserts for the accountant-client privilege is based on Florida's statutes. As shown below, Kodak fails to prove that Florida privilege law should apply in this case. Even if the Court were to apply Florida privilege law, Kodak fails to establish the communications at issue are protected by Florida law.

### A. Choice of Law

Kodak argues that Fed. R. Evid. 501 requires that matters in this case be determined in accordance with state law. Kodak further argues that, to determine which state law to apply, the Court must engage in a choice of law analysis. Kodak argues that Florida courts apply the Restatement (Second) of Conflict of Laws ("Restatement") to resolve conflicts regarding which state law to apply. Specifically, Kodak relies on Section 139(l) of the Restatement, which provides:

> Evidence that is not privileged under the local law of the state which has the most significant relationship with the communication will be admitted, even though it would be privileged under the local law of the forum, unless the admission of such evidence would be contrary to the strong public policy of the forum.

Restatement § 139(l). Kodak argues that because Florida enacted a statute to protect communications between an accountant and his or her client, it has evinced a strong public policy to protect such communications.

Kodak's argument that Florida law should apply based solely on the existence of the privilege statute misses the mark. Kodak fails to show any relationship, let alone a significant relationship, between the communications at issue and Florida law. Kodak is not a Florida corporation, nor is its principle place of business in Florida. The communications at issue took place in New York, not Florida. The only nexus to Florida is that the law suit is pending in a federal court located in Florida. That lawsuit, however, is based on a contract that contains a choice of law provision to apply the laws of Delaware. Kodak, therefore, fails to establish that Florida's accountant-client privilege law applies in this case.

**B. <u>Florida's Accountant-Client Privilege</u>**

Assuming *arguendo* that the Florida privilege law applies, Kodak fails to meet the threshhold test for application of the privilege. To qualify for the Florida privilege, that statute requires *inter alia* that the communication be between "an accountant and her or his client." Fla. Stat. § 473.316(1)(c). An "accountant" is defined as a certified public accountant. Fla. Stat. § 473.316(1)(a). A "certified public accountant" in turn is defined as "a person who holds a license to practice public accounting in this state under the authority of this chapter." Fla. Stat. § 473.302(4). A person desiring to be a certified public accountant in Florida must apply to the State's Department of Business and

Professional Regulation and pass the licensure examination, among other requirements. Fla. Stat. § 473.306.[1]

Kodak makes no showing that the communications in question were with accountants licensed by the State of Florida as certified public accountants. Sandra Rowland, Kodak's Controller for Worldwide Digital Film & Imaging Systems, states only that she is a certified public accountant. Docket 71-2 at ¶ 2. She does not state where she is licensed. As Rowland works for Kodak in New York, it is unlikely that she is licensed in Florida. Kodak also has made no showing that the PriceWaterhouse accountants with whom they dealt on this matter are licensed in Florida. Indeed, the Form 10-K report submitted by ATLC demonstrates that it was the Rochester, New York office of PriceWaterhouse that conducted the audit of Kodak. Docket 75-2 at 1-4.

Judicial economy requires a party to present all arguments and evidence at the time of its motion so that the Court can effectively and efficiently adjudicate disputes. Kodak's motion, however, falls far short of establishing an accountant-client privilege pursuant to Florida law. Given the discovery deadline of May 1, 2007, the Court **DENIES WITH PREJUDICE** Kodak's motion for a protective order.

**C. ATLC's Motion to Compel**

The Court's ruling on Kodak's motion for protective order determines in part the outcome of ATLC's motion to compel. To the extent ATLC seeks to compel production of materials withheld

[1] Florida has codified its evidentiary privileges in the Florida Evidence Code at Florida Stat. §90.501, *et seq*. The Florida Statute on which Kodak also relies, Fla Stat. § 90.5055, is nothing more than a codification of the accountant privilege listed in Fla. Stat. Chapter 473.

by Kodak on the basis of accountant-client privilege, the Court **GRANTS** ATLC's motion. On or before April 18, 2007, Kodak shall produce these documents to ATLC.

As to the remaining issues, Kodak argues in general that ATLC failed to engage in a substantive conversation as required by Local Rule 3.01(g). Kodak further suggests there is room for compromise and that the parties may be able to resolve the motion without Court intervention. Based on these representations, the Court **DENIES WITHOUT PREJUDICE** the remainder of ATLC's motion to compel. It is

**FURTHER ORDERED** that on or before April 17, 2007, lead counsel for the parties shall talk to each other and engage in a substantive conversation in a good faith effort to resolve the issues raised by the motion. The Court directs the parties to focus on what is truly in dispute and what is necessary in this case. The parties will report to the Court the result of their conference at the Status Conference scheduled for April 18, 2007.

**DONE** and **ORDERED** in Orlando, Florida on April 12, 2007.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE